UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN JOHN KARES,

        Plaintiff,

vs.

                                      Case No. 06-CV-13876

                                      HON. GEORGE CARAM STEEH

CHANTILLE MARIE FRAGOSO,
JEFFREY ENEIX, and KERI ENEIX,

        Defendants.
_____/

### ORDER GRANTING PLAINTIFF IN FORMA PAUPERIS
### STATUS AND DISMISSING CASE PURSUANT TO
### 28 U.S.C. § 1915(e)(2)(B)(i)

      Plaintiff Stephen John Kares, proceeding pro se, has filed suit against Chantille Marie Fragoso, Jeffrey Eneix and Keri Eneix. Based upon the information in the Application to Proceed in Forma Pauperis, the court grants plaintiff in forma pauperis status pursuant to 28 U.S.C. § 1915. For the reasons that follow, however, the court dismisses plaintiff's complaint as frivolous, due to the fact that it lacks federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

      Plaintiff's complaint is based upon the allegation that two different state courts have addressed the issue of custody of his three minor children, resulting in conflicting orders. Plaintiff cites to the federal Parental Kidnaping Prevention Act, 28 U.S.C. 1738A ("PKPA") as a basis of jurisdiction. However, the United States Supreme Court addressed the issue of whether the PKPA provides a basis of federal court jurisdiction in 1988, concluding that "the context, language, and history of the PKPA together make out a conclusive case against inferring a cause of action in federal court to determine

which of two conflicting state custody decrees is valid." <u>Thompson v. Thompson</u>, 484 U.S. 174, 187 (1988). The <u>Thompson</u> case makes clear that the PKPA does not provide an implied cause of action in federal court to determine which of two conflicting custody decisions is valid. Rather, the PKPA is intended extend the requirements of the Full Faith and Credit Clause to custody determinations in recognition of the problem of child snatching. The <u>Thompson</u> case came after each of the cases cited by plaintiff in his response to the court's order to show cause regarding jurisdiction.

IT IS HEREBY ORDERED that plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken <u>in forma pauperis</u>.

So ordered.

Dated: January 11, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 11, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk